UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

NICHOLAS NICHOLSON and )
CHARITY NICHOLSON, )
  )
     Plaintiffs, )
  )
     v. )     Case No. 2:18-cv-36
  )
GARY RAILWAY COMPANY, a )
corporation, )
  )
UNITED STATES STEEL )
CORPORATION, a corporation, )
  )
     Defendants. )

## OPINION AND ORDER

This matter is before the court on the Motion by United States Steel Corporation for

Leave to File a First Amended Answer to the Complaint [DE 25] filed by the defendant, United

States Steel Corporation, on May 20, 2019, and the Motion by Gary Railway Company for Leave

to File a First Amended Answer to the Complaint [DE 26] filed by the defendant, Gary Railway

Company, on May 23, 2019.  For the following reasons, the motions are **GRANTED.**

*Background*

The plaintiffs, Nicholas Nicholson and Charity Nicholson, initiated this matter against the

defendants, Gary Railway Company and United States Steel Corporation, on January 29, 2018.

Nicholas Nicholson sustained an injury on February 2, 2016, while working for Gary Railway.

At the time of Nicholson's injury, he was working on property owned by U.S. Steel and

maintained by Gary Railway.

The defendants filed answers to the plaintiffs' complaint on April 25, 2018.  Both

defendants asserted affirmative defenses alleging that the injuries were caused by third parties

over which they had no control. The defendants' generic nonparty defenses did not specifically name a nonparty. Therefore, the defendants have requested leave to amend their answers and affirmative defenses to name TMS International, LLC in their nonparty defense.

The defendants have indicated that TMS leased the property adjacent to the tracks where Nicholson was working and was responsible for maintaining, including grading and controlling dust, thereon. TMS' failure to exercise due care in so doing could have adversely affected the condition of the walkway Nicholson was working on. The plaintiffs objected to the defendants' request for leave to amend their answers on June 4, 2019, arguing that the defendants have failed to demonstrate good cause for seeking to amend after the court's deadline. The plaintiffs also argued that the amendment does not satisfy Federal Rule of Civil Procedure 15 standards because it is futile and unfairly prejudicial. The defendants filed a reply on June 17, 2019.

*Discussion*

**Federal Rule of Civil Procedure 15(a)** provides that a party may amend the party's pleading only by leave of court or by written consent of the adverse party and that leave shall be freely given when justice so requires. Because pleadings merely serve to put the opposing side on notice, they should be amended freely as the case develops, as long as amendments do not unfairly surprise or prejudice the opposing party. **Rule 15(a);** *Jackson v. Rockford Housing Authority*, 213 F.3d 389, 390 (7th Cir. 2000). The decision to deny leave to amend a pleading is an abuse of discretion only if no reasonable person could agree with the decision. *Winters v. FruCon, Inc*., 498 F.3d 734, 741 (7th Cir. 2007) (quoting *Butts v. Aurora Health Care, Inc*., 387 F.3d 921, 925 (7th Cir. 2004)); *Ajayi v. Aramark Business Services*, 336 F.3d 520, 530 (7th Cir. 2003).

**Rule 15(a)(2)** says that courts should "freely give leave" to amend. However, a different

standard provided by Federal Rule of Civil Procedure 16(b)(4) applies once the scheduled deadline passes. *See Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995). "To amend a pleading after the expiration of the trial court's Scheduling Order deadline to amend pleadings, the moving party must show 'good cause'" to modify the schedule. *Trustmark Ins. Co. v. General & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (citing **Federal Rule of Civil Procedure 16(b)**). In order to demonstrate good cause, the defendants must show that despite their diligence they could not have met the earlier deadline. *See Tschantz*, 160 F.R.D. at 571.

The plaintiffs have argued that the defendants have not demonstrated good cause to amend their answers and affirmative defenses after the deadline. On May 23, 2018, the court set July 24, 2018, as the last date for the defendants to seek leave to amend the pleadings. The defendants' request comes approximately ten months after the deadline. Additionally, the land where Nicholson was injured was owned by U.S. Steel and maintained by Gary Railway. Thus, the plaintiffs have argued that both defendants had access to the location where Nicholson was injured, and therefore could have discovered the alleged actions of TMS before the court's deadline expired.

The defendants claim that they raised the nonparty defense as soon as counsel and U.S. Steel supervisory personnel realized that a nonparty defense was available while complying with discovery. Moreover, the defendants contend that the amendment will not prejudice the plaintiffs. The defendants assert that the plaintiffs have not responded to discovery and have not appeared for nor noticed the deposition of any of the defendants' personnel. Therefore, at the time the instant motion was filed, discovery was in its infancy and barely had begun.

Accordingly, the court finds that the defendants have shown good cause to modify the

schedule.  The defendants represented that they acted promptly when they realized that a nonparty defense was available.  Moreover, the discovery deadline was extended to October 25, 2019.  Since discovery has not concluded, allowing the defendants to amend their answers and affirmative defenses will not prejudice the plaintiffs or delay this action.

The plaintiffs also have argued that, even if the defendants demonstrated good cause, the requested amendment does not meet Rule 15's requirements.  The plaintiffs contend that the requested amendment is futile because the defendants were ultimately responsible for the condition of the premises where Nicholson was injured.  However, the plaintiffs are free to advance any arguments against any attribution of fault to TMS.  The plaintiffs also claim that they will be unfairly prejudiced since the statute of limitations against TMS has expired.  The instant matter was filed on January 29, 2018, approximately four days before the two-year statute of limitations was set to expire on the personal injury claim.  Therefore, the timing of the defendants' nonparty defense does not negatively affect the plaintiffs' ability to bring a claim against TMS because it was time-barred before the defendants' original answers were due.

Based on the foregoing reasons, the Motion by United States Steel Corporation for Leave to File a First Amended Answer to the Complaint [DE 25] is **GRANTED**, and the Motion by Gary Railway Company for Leave to File a First Amended Answer to the Complaint [DE 26] is **GRANTED.**  The defendants are **DIRECTED** to file their First Amended Answers as separate docket entries within seven days of this Order.

ENTERED this 12th day of July, 2019.

/s/ Andrew P. Rodovich
United States Magistrate Judge